**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

FILED

AUG 16 2012

CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

GARY L. SAUNDERS and REGINA M.
SAUNDERS,                              )
)
                    Plaintiffs,        )
)          Civil Action No. 4:12-CV-130
        v.                             )
)
)
)
BANK OF AMERICA, N.A., aka             )
BANK OF AMERICA HOME LOANS,            )
FKA BAC HOME LOAN SERVICING,           )
FKA COUNTRYWIDE HOME LOAN              )
SERVICING,                             )
Serve: CT Corporation System          )
           Registered Agent            )
           4701 Cox Road, Suite 301    )
           Glen Allen, VA  23060       )
)
)
and                                    )
)
FEDERAL NATIONAL MORTGAGE              )
ASSOCIATION, aka "FANNIE MAE,"         )
SERVE:  Julie Katzman                  )
           Vice President-General Counsel )
           3900 Wisconsin Avenue, NW   )
           Washington, D.C. 20016      )
)
                    Defendants.        )

**COMPLAINT**

Plaintiffs, GARY L. SAUNDERS and REGINA L. SAUNDERS ("Plaintiff"), by

counsel, moves for judgment against the Defendants and state as follows:

1.      The Defendants wrongfully foreclosed on Plaintiffs' prior to satisfying the

conditions precedent under Plaintiffs' Deed of Trust and the laws of the Commonwealth

1

of Virginia.

2.      Bank of America accessed the Saunders credit score in order to make a

credit decision regarding the Saunders' home loan and in violation of 15 U.S.C. §

1681g(g) because it failed to provide notice to the Saunders at all, let alone within a

reasonably practicable time thus causing harm to them.

3.      The Court has Federal Question jurisdiction under the Fair Credit

Reporting Act 15 U.S.C. § 1681g(g).  It also has supplemental jurisdiction with regard to

the state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

4.      Plaintiffs, Gary L. Saunders and Regina M. Saunders, are natural persons

who reside at 105 Galax St. in Hampton, Virginia

5.      The Defendant, BANK OF AMERICA, N.A. ("Bank of America") is a

National Bank doing business as a mortgage originator and servicer. However, at all

times relevant in the Complaint, BANK OF AMERICA, N.A. (formerly known as BAC

Home Loan Servicing, also known as Bank of America Home Loans), was servicing the

Plaintiffs' loan as instructed by and acting as an agent for Bank of America, N.A. To the

extent that BoA Home Loans acted, it acted at the direction of Bank of America N.A.

Upon information and belief, Bank of America N.A. and Bank of America Home Loans

operate as a single entity.

6.      Countrywide Financial was acquired by Bank of America on July 1, 2008.

7.      The Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION

("Fannie Mae"), is a government sponsored enterprise chartered by the United States

Congress doing business in the Commonwealth of Virginia as to mortgage loans.

2

## FACTUAL ASSERTIONS

8.      All events relevant to this matter occurred in Hampton, Virginia.

9.      In 1977, the Saunders purchased their home located at 105 Galax St., Hampton, Virginia (the "Property") for a principal amount of $30,000.00.

10.     On or around May 25, 2004, the Saunders refinanced their property in the principal amount of $88,000.00, for the purpose of getting cash out and paying off debt. The lender named on the HUD-1 was GMFS, LLC, 7389 Florida Blvd, Suite 200A, Baton Rouge, LA 70805.

11.     Upon information and belief, shortly after the refinance, the Saunders' loan was sold and bundled into a securitized trust without providing any notice of the sale to the Saunders.

12.     According to Mortgage Electronic Registration Systems database, The Bank of New York Mellon was the Trustee for the securitized trust that was owner of the mortgage. As trustee, upon information and belief, The Bank of New York Mellon was noteholder at all times relevant herein.

13.     After their refinance, Countrywide Home Loans serviced the Saunders' mortgage loan. At some point in 2008, Bank of America obtained the servicing rights of the Saunders' mortgage.

14.     As the Saunders' servicer, Bank of America never sent any pre-acceleration notices.

15.     The only pre-acceleration notices the Saunders received was from their prior servicer, Countrywide. As their prior servicer, Countrywide sent three notices of acceleration:  October 3, 2007; November 2, 2007; and March 8, 2008, all of which were

sent by certified mail. The October 3, 2007, and March 8, 2008, were sent by certified mail but never delivered to the Plaintiffs. Upon information an belief, each letter was actually mailed less than 30 days for the Plaintiffs to cure the alleged deficiency.

16.     In response to their servicer's attempt to accelerate and foreclose, the Saunders sought to obtain a loan modification.

17.     Bank of America obtained the Saunders' consumer reports on several occasions in connection with considering their applications for loan modifications. The dates on which the Plaintiffs' consumer reports containing credit scores accessed by Bank of America were: September 26, 2006, August 26, 2008, January 14, 2009, August 26, 2009, September 16, 2009, October 4, 2010, April 22, 2010, December 8, 2010, February 1, 2011, May 13, 2011, July 25, 2011.

18.     At no time did Bank of America provide the Saunders with their credit score as required under 15 U.S.C. § 1681g(g).

19.     The Saunders submitted a completed application for a loan modification dated January 28, 2011, including all requested documentation and an IRS Form 4506-T request for transcript of tax return.

20.     On February 1, 2011, BAC informed Mr. Saunders by letter that there were documents missing from their loan modification application, including signed copies of the most recently filed federal tax return, copies of two recent bank statements, and a utility bill, all of which must be received by BAC by February 16, 2011.

21.     On March 9, 2011, BAC sent a letter to Mr. Saunders to inform him that BAC was "pleased to let you know that we have received your documents. We are

4

reviewing them to determine if you loan is eligible so you can begin the process toward a permanent loan modification."

22.     On June 15, 2011, Bank of America's Home Loan Servicing Customer Escalations representative, Yvette Sanchez, sent the Saunders a letter requesting documents in order to process their loan modification. On June 17, 2011, Bank of America Home Loans, as servicer, sent a letter to Mr. Saunders stating that it had reviewed the financial information supplied by the Saunders and determined that "your loan is not eligible for a modification." The letter did not state any reasons for denying the loan modification, but instead offered to help avoid foreclosure by a short sale or a deed in lieu of foreclosure.

23.     As part of the determination of eligibility, BAC pulled multiple credit reports through Landsafe from February through July, 2011.

24.     BAC did not provide the Saunders any notice of their credit score after they obtained the credit reports.

25.     On December 22, 2011, the Law Offices of Shapiro & Burson sent a letter to the Saunders, "WARNING YOUR PROPERTY WILL BE SOLD AT FORECLOSURE." The foreclosure was set for January 10, 2012, at 9:30 a.m. at the Circuit Court Building for the City of Hampton, VA. The latter was not signed but stated that it was "a communication from a debt collector."

26.     This notice of sale included an appointment of Substitute Trustee by BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP as the present holder or authorized agent of the holder of the Note secured by the Deed of Trust" dated May 24, 2005, appointed Professional Foreclosure

Corporation as Substitute Trustee on June 7, 2011, which was signed and notarized by employees of Shapiro & Burson, LLP.

27.     Upon information and belief, neither BAC Home Loans nor any Bank of America entity were holders of the Note secured by the Deed of Trust.

28.     The foreclosure sale took place on January 10, 2012.

29.     On February 2, 2012, after the foreclosure sale, BAC obtained a Landsafe Credit Merge Report concerning the Saunders. Bank of America never notified Mr. or Mrs. Saunders that it had accessed their credit reports.

30.     Fannie Mae purchased the note at auction with the knowledge that the foreclosure was improper. Fannie Mae has filed an unlawful detainer which case is to be heard on August 17, 2012.

## COUNT I – BREACH OF CONTRACT
(Bank of America)

31.     Plaintiffs incorporate herein by reference all other factual allegations contained in this Complaint.

32.     A Deed of Trust is in the nature of a contract and is to be construed according to its terms to the extent the terms are not in conflict with the requirements of law.

33.     Pursuant to Paragraph 22, Defendant Bank of America as servicer was required to provide certain notices prior to acceleration of Plaintiffs' debt.

34.     Defendant Bank of America's right to foreclose was not triggered until the conditions precedent were satisfied.

35.     Pursuant to the Deed of Trust, if a borrower is in default, the lender may accelerate payments under the note subject to the conditions specified in the Deed of Trust.

36.     The lender cannot acquire the right to acceleration of the debt prior to the fulfillment of the conditions precedent imposed by the Deed of Trust.

37.     Under the terms of the Deed of Trust, Plaintiff was entitled to a pre-acceleration notice specifying the following: "a date, not less than 30 days from the date the notice is given to the Borrower, by which a default must be cured."

38.     Defendant's efforts to foreclose Plaintiffs' home began as early as October 2007 when the loan was serviced by Countrywide.

39.     Upon information and belief, the Defendant provided legally inadequate pre-acceleration notice(s) that did not substantially comply with the requirements of the Deed of Trust.

40.     Under the terms of their Deed of Trust, Plaintiffs were entitled to a default notice specifying the following:

      a.     "the default" and "the action required to cure the default;"

      b.     "a date, not less than 30 days from the date the notice is given to the Borrower, by which a default must be cured;

41.     Defendant did not satisfy the conditions precedent in Paragraph 22 of the Deed of Trust. Although the pre-acceleration notices are dated 30 days from the date to cure, the notices were not mailed on the dates on the letters and the return receipts from the certified mail indicate that at least two notices were never delivered.

42.     Thus, the specific conditions under Plaintiffs' Deed of Trust were not satisfied as Bank of America failed to substantially comply with the Deed of Trust; therefore, Defendant did not acquire the right to accelerate payment under the terms of the Deed of Trust.

43.     By failing to comply with its obligations in the Deed of Trust, Defendant Bank of America breached the Deed of Trust and prematurely foreclosed on the property without satisfying the prerequisites to foreclosure.

44.     The breaches of the Deed of Trust caused Plaintiff to suffer damages for which there is no adequate remedy at law, and for which Defendant should be held liable to them.

45.     Plaintiffs' property is unique and serves as the family's home. Plaintiffs cannot be made whole without specific performance because monetary damages are unavailable and/or inadequate. Thus, Plaintiffs entitled to specific performance because the home cannot be substituted and money recoverable as legal damages would be speculative.

46.     In the alternative, Plaintiff suffered economic damages. Such damages amounts to sums that would include losses relating to the loss of the home, the loss of significant equity in the home, the degradation of his credit and the imposition of fees related to the foreclosure sale that should not have occurred.

## COUNT II – DECLARATORY JUDGMENT
### Violations of Va. Code Ann. §§ 55-59(9), 55-59.1(B), 55-58.1(2)
#### (All Defendants)

47.     Plaintiff incorporates herein by reference all other factual allegations contained in this Complaint.

8

48.   The dispute and controversy is a justiciable matter which is not speculative, and a resolution by this court will determine the rights and interests of the parties to the Property in issue as well as the legal effect, if any, of the purported foreclosure sale on the property.

49.   Bank of America, N.A. instituted foreclosure proceedings without any present right to do so, because it was not the noteholder. Upon information and belief, the holder of the Note was the Bank of New York Mellon.

50.   The appointment of a substitute trustee must comply with the requirements of Virginia Code Ann. § 55-59. In particular, the substitution of trustee must comply with § 55-59 (9), which provides that the party secured by the Deed of Trust or the holders of greater than fifty percent of the monetary obligations secured thereby shall have the power to appoint a substitute trustee.

51.   Upon information and belief, neither Shapiro & Burson nor Professional Foreclosure Corporation were appointed by a party then-secured by the Deed of Trust or the holders of greater than fifty percent of the monetary obligations secured thereby in compliance with Va. Code Ann. § 55-59(9).

52.   In order for a foreclosure sale to be lawful, it must comply with Va. Code Ann. § 55-59.1(B).

53.   Upon information and belief, the Defendants conducted the foreclosure sale in violation of Va. Code Ann. § 55-59.1(B) because the owner of the note did not supply an affidavit to the effect that the note or evidence of indebtedness had been lost or could not be produced.

54. The foreclosure was illegal because the Defendants violated several statutory prerequisites to conducting a lawful non-judicial foreclosure, upon information and belief:

        a.   The conditions precedent to acceleration did not occur, so the loan was never accelerated in accordance with the Deed of Trust.

        b.   The Substitute Trustee was not legally appointed by the holder of the note or the owner of greater than 50 percent of the note in violation of Va. Code Ann. § 55-59(9);

        c.   The Substitute Trustee failed to comply with the requirements of Va. Code Ann. § 55-59.1(B) because the owner of the note did not provide a valid affidavit that the note was lost or could not be produced, and in fact, had not been lost;

55. All parties are or claim interest in this matter and a determination of the respective interests in the property will determine which party has a right to enforce the instrument and avoid the need for further litigation.

56. Pursuant to Va. Code Ann. §§ 8.01-184 and 8.01-191, there is an actual justiciable controversy, and a declaratory judgment is the appropriate mechanism for resolving the ownership interests of each of the parties hereto to the Property.

57. Plaintiff respectfully moves for entry of a declaratory judgment to determine the purported foreclosure sale was void, alternatively that it was voidable and that the purported Foreclosure Deed was void, alternatively voidable; that Plaintiff is entitled to appointment of a constructive trustee with instructions to convey title of the

home to him, subject to the Deed of Trust; and such further legal and equitable relief as this Court deems appropriate.

**Count III – Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681g(g)**
(Bank of America)

58.    Plaintiff incorporates herein by reference all other factual allegations contained in this Complaint.

59.    On multiple occasions, Bank of America accessed the Plaintiffs' consumer reports containing a credit score in connection with a mortgage loan application.

60.    Bank of America violated the Fair Credit Reporting Act by failing to provide the notifications, disclosures and information required by the statute as soon as reasonably practicable.

61.    Bank of America negligently violated the FCRA 15 U.S.C. § 1681g(g) and 1681o or, in the alternative, willfully violated the FCRA 15 U.S.C. § 1681g(g) and 1681n.

62.    the Saunders have suffered damages as a result of Bank of America's actions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

1.    Grant a permanent or final injunction enjoining the Defendants, Defendants' agents and employees, affiliates and subsidiaries from any action to dispossess Plaintiff from the Property either through the unlawful detainer case or by other means;

2.    Grant a permanent or final injunction enjoining the Defendants, Defendants' agents and employees, affiliates and subsidiaries from conveying, selling, mortgaging, or otherwise encumbering or disposing the Property;

11

3.  Specific performance;

4.  Enter declaratory judgment that the foreclosure sale and Trustee's Deed were void or voidable and should be set aside;

5.  Award the Plaintiff damages that amount to, but are no less than, damages for the loss of their home, the loss of equity in the home, lost opportunities to pursue alternatives to foreclosure, degradation of Plaintiff's credit and imposition of fees related to the foreclosure sale and eviction proceedings, and the loss of equity in their home;

6.  Compensatory damages;

7.  Punitive damages;

8.  Statutory damages;

9.  Award Plaintiffs' attorneys' fees, and costs of this action;

10. Declare the foreclosure sale void or in the alternative voidable, impose a resulting trust, or in the alternative, a constructive trust for the Plaintiff's benefit so that the home can be deeded back to him;

11. Grant such other legal and equitable relief as the Court finds necessary and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully Submitted,

Gary L. Saunders and Regina M. Saunders

By Counsel:

Susan M. Rotkis
VSB No. 40693
Leonard A. Bennett
VSB No. 37523
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, VA 23601
Tel 757-930-3660
Email: srotkis@clalegal.com
lenbennett@clalegal.com

Kristi Kelly
VSB No. 72791
Surovell, Isaacs, Petersen & Levy
4010 University Drive
Fairfax, VA  22030
Tel 703-277-9774
Email: kkelly@siplfirm.com

Dale W. Pittman
VSB No. 15673
The Law Office of Dale W. Pittman
112-A West Tabb Street
Petersburg, VA  23803
Tel 804-861-6000
Email: dale@pittmanlawoffice.com

*Counsel for Plaintiffs*