**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| GARY L. SAUNDERS, and REGINA M. SAUNDERS, | |
| Plaintiffs, | Case No. 4:12-cv-130-RAJ-TEM |
| v. | |
| BANK OF AMERICA, N.A. *et al*, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' CONSENT MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiffs Gary Saunders and Regina Saunders, by counsel and pursuant to Fed. R. Civ. P. 15(a)(2), respectfully move the Court for leave to file an amended complaint (hereafter "Amended Complaint").   Plaintiff submits this Memorandum in support of their Motion.  A copy of the proposed Amended Complaint is attached hereto as "Exhibit A."

## ARGUMENT

### I.        STANDARD FOR GRANTING LEAVE TO AMEND

Fed. R. Civ. P. 15(a) provides that "a party may amend its pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."   As the Supreme Court of the United States has declared, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Defendants do not oppose this motion, and thus it should be granted under Fed. R. Civ. P. 15(a)(2).

In *Foman*, the Supreme Court listed factors that the district court should consider in deciding whether to grant leave to amend:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.* (citation omitted).

The Fourth Circuit has found that "[W]hile Foman's enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the *only* legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants.  *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (emphasis added). Additionally, this Court has consistently decided similar issues in the spirit of Rule 15(a) and has applied it liberally.  For example, this Court has held that, even in circumstances in which the Plaintiff's success on the claim appears unlikely – a scenario which Plaintiff does not concede applies in the instant situation – "the merits of the Plaintiff's claims should not be considered in determining whether to allow amendment unless the proposed amendment may *clearly* be seen to be futile because of substantive or procedural considerations.  *Fletcher v. Tidewater Builder's Ass'n*, 216 F.R.D. 584, 588 (E.D. Va. 2003) (emphasis added).

## II.    PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

Based on the consent of the Defendants, as well as the factors set forth in *Foman* and *Davis* and in the interests of justice, Plaintiffs should be granted leave to file an Amended Complaint. It is early in the case, no scheduling conference has been held and no discovery has commenced. The Defendants filed a Motion to Dismiss, which will be mooted by the filing of an Amended Complaint. Even thought he Motion to Dismiss will be moot, both parties retain all rights to prosecute and defend the claims in this case.

The Amended Complaint is sought in good faith, is timely filed, and will promote justice in this case. Accordingly, because Defendants would suffer no prejudice and Plaintiffs have not acted in bad faith or for a dilatory motive, Plaintiff respectfully request that their Motion for Leave to File a First Amended Complaint be granted. An Agreed Order, filed as an exhibit herewith, is being circulated for original signatures.

Respectfully Submitted
GARY SAUNDERS and REGINA
SAUNDERS,

_____/s/_____
Susan M. Rotkis (VSB No. 40693)
Leonard A. Bennett (VSB No. 37523)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, VA 23601
Tel: 757-930-3660
Fax: 757-930-3662
srotkis@clalegal.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2012, I filed this document with the Court's CM/ECF system which will send electronic notice to counsel of record including:

Robert W. McFarland (VSB No. 24021)
McGuireWoods LLP
101 W. Main Street, Ste. 9000
Norfolk, VA 23510
eashcroft@mcguirewoods.com
rmcfarland@mcguirewoods.com

*Attorneys for Bank of America, N.A.*
*and Federal National Mortgage Association*

_____/s/_____
Susan M. Rotkis (VSB No. 40693)
Leonard A. Bennett (VSB No. 37523)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, VA 23601
Tel: 757-930-3660
Fax: 757-930-3662
srotkis@clalegal.com

*Counsel for Plaintiffs*